[Crim. No. 6164.   Second Dist., Div. Three.   Nov. 18, 1958.]

THE PEOPLE, Respondent, v. NORMAN ELTON STICE, Appellant.

A. P. Coviello and Arthur Shivell for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, and Albert Bianchi, Deputy Attorney General, for Respondent.

VALLÉE, J.—By information defendant was charged in two counts with violations of Penal Code, section 288. In a jury trial he was convicted on both counts. His motion for a new trial was denied. The court adjudged defendant is a sexual psychopath and committed him to a state hospital for observation.

Within the statutory period defendant filed a notice of appeal from "the Judgment and sentence . . . and from the Order denying defendant's Motion for a New Trial." Three days later, also within the statutory period, he filed an amended notice of appeal from the order denying his motion for a new trial omitting any reference to a "Judgment and sentence."

No purpose would be served in detailing the revolting facts. Suffice it to say the evidence supports the verdict as

to both counts. Defendant first attacks the credibility of the two children who testified against him. He says they lied. Since the jury impliedly found they had not, that question is not open to review.

On cross-examination of Junior, the child named in count I of the information, he was asked whether he had ever had "an experience like this before." He said he had not. He was also asked on cross if some two years before he had not committed an improper act with a young girl. The boy answered, "No." On cross-examination, Kathy, the child named in count II, was asked whether "anything like this" had happened to her with anyone else, to which she replied, "No." On cross Kathy was also asked whether at some time prior to the time the acts charged against defendant were alleged to have been committed her aunt had asked her why she told "these stories" about defendant and whether she had said "I don't know why." The answer was "No" to both questions. Kathy was also asked whether she had not told her aunt at that time, "Daddy had told me to say those things" and "Daddy has played with me," to both of which questions Kathy answered, "No."

■ On motion of the People the foregoing testimony of Junior and Kathy was stricken and the jury instructed to entirely disregard it. Defendant asserts error. The ruling was correct. In *People* v. *Whalen*, 70 Cal.App.2d 142 [160 P.2d 560], a prosecution under sections 288 and 288a of the Penal Code, this court held that a witness for the People may not be impeached on cross-examination by questions as to specific acts of unchastity.

■ Defendant says the jury was prejudiced against him "thru unnecessary repetition of sordid and heinous acts attributed to defendant." The prosecution was endeavoring to elicit from a 9-year-old boy and a 7-year-old girl accurate statements of what had occurred. We find nothing prejudicial.

■ A deputy sheriff testified to a confession made by defendant. It is contended the confession was obtained unlawfully after an unnecessary delay in taking defendant before a magistrate and that the court erred in admitting it in evidence. Defendant was taken into custody about 10 p. m. on July 16, 1957. About 10 a. m. on July 17 defendant confessed. The deputy sheriff testified defendant's statements were made freely and voluntarily, that no promise of reward

or immunity was made, and that no force was used. The record does not show when defendant was taken before a magistrate. Defendant says he was released on bail about 3 p. m. on the 17th. He was in custody about 17 hours. Violation of the mandate that a defendant be taken before a magistrate without unnecessary delay (Pen. Code, § 825) without coercion does not render a confession inadmissible. (*People* v. *Speaks*, 156 Cal.App.2d 25, 37 [319 P.2d 709].) There is no evidence of any physical or psychological coercion. It was not error to admit the confession in evidence.

Defendant says his arrest was unlawful. ██ We are cited to no law and have found none that says a defendant may not be prosecuted for a criminal offense because he was arrested unlawfully. The law is to the contrary. (*People* v. *Valenti*, 49 Cal.2d 199, 203 [316 P.2d 633].) Moreover, there is no showing that the arrest was unlawful. A peace officer may arrest a person without a warrant whenever he has reasonable cause to believe that the person to be arrested has committed a felony. (Pen. Code, § 836.) ██ In the absence of any showing to the contrary, it must be presumed the officers who arrested defendant had reasonable cause to believe he had committed a felony. (Code Civ. Proc., § 1963, subds. 15, 33.)

██ It is asserted the court erred in denying defendant's motion to have the two children examined by a psychiatrist. No authority is cited nor argument made in support of the assertion. The matter was one within the discretion of the trial judge.

The only judgment in the action was one stating that proceedings were suspended, adjudging that defendant is a sexual psychopath, and committing him to Atascadero State Hospital for observation and diagnosis for a period not to exceed 90 days. We treat the judgment adjudging that defendant is a sexual psychopath and committing him to the state hospital as the "Judgment and sentence" stated in the first notice of appeal.

██ An original order of commitment as a sexual psychopath is appealable as a final judgment in a special proceeding under section 963 of the Code of Civil Procedure. (*People* v. *Gross*, 44 Cal.2d 859, 860 [285 P.2d 630].) ██ Defendant asserts the court erred in finding he is a potential sexual psychopath, adjudging he is a sexual psychopath, and committing him to a state hospital for observation. There was no error. The acts of defendant for which he was convicted—committing lewd and lascivious acts upon the body of a boy

8 years old and on the body of a girl 6 years old at the time the offenses were committed—alone were sufficient to warrant the judgment and commitment. Further, the court had before it the reports of two psychiatrists who had been appointed and who had filed written reports of the results of their examinations of defendant, together with their conclusions and recommendations. The reports are not in the record. However, it does appear that the psychiatrists recommended defendant ''be given the 90-day observation.''

Defendant has filed a motion for diminution of the record by striking therefrom the amended notice of appeal. Since we have considered the appeal as having been taken by the first notice of appeal, the motion is denied.

The judgment adjudging that defendant is a sexual psychopath and committing him to Atascadero State Hospital and the order denying his motion for a new trial are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.