[Crim. No. 1873. Fourth Dist. Sept. 17, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. BULMARO PACHECO, Defendant and Appellant.

Smith, Prante & Biggins and Stafford W. Prante for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and H. Warren Siegel, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant was indicted for three sex offenses involving an 8-year-old boy, hereinafter referred to as the victim; was charged therewith in three counts, *viz.*, with two violations of Penal Code section 288a, i.e., acts of sex perversion, and one violation of Penal Code section 288, i.e., lewd and lascivious conduct with a child; was tried before a jury and found guilty; on March 15, 1961, was declared to be a sexual psychopath and committed to Atascadero State Hospital for an indeterminate period for treatment; on August 20, 1962, was remanded to the superior court as a person who would not benefit from further treatment and was not a menace to the health and safety of others; applied for probation, which was denied; was sentenced to the state prison; and appealed from the judgment.

The defendant was a grade school teacher. The victim of his offenses was one of his pupils. The offenses occurred in the nighttime at the home of the victim while the latter's mother, accompanied by his father, was at a hospital giving birth to her fourth child, and during the time when the defendant was caring for their children as a neighborly accommodation. The defendant and the victim lived in adjoining homes; enjoyed neighborly and friendly relations, as did other members of their families; and the latter had visited the home of the former on a number of occasions.

Three grounds are urged for reversal, *viz.*, (1) error in restricting the defendant's cross-examination of the victim; (2) error in permitting the victim's mother and a deputy sheriff to testify to hearsay statements made to them by the victim; and (3) error arising out of comments made by the judge in the presence of the jury.

During the course of the victim's cross-examination by counsel for the defendant, the latter sought to develop that the former had undressed a little girl; at first had denied the incident; and, thereafter had admitted it. Objections to questions which would develop these facts were sustained. In the course of a discussion between court and counsel out of the presence of the jury concerning defendant's right to interrogate the witness with respect to this

incident, counsel for the defendant made an offer of proof indicating his intention in the premises as outlined, and also offered to prove that the victim had made "another report against another man in New York." This offer was made upon the then stated ground that proof of other reports by a complaining witness were admissible; that the incident involving the little girl included the making of a report of the same by the victim to his mother; that the New York incident also involved the making of a report; and that interrogation of the complaining witness with respect to any such report, whether true or false, was permissible. This position was based upon a mistaken concept respecting the decision in *People* v. *Hurlburt,* 166 Cal.App.2d 334, 338-343 [333 P.2d 82, 75 A.L.R.2d 500]. The decision in question concerns interrogation with respect to the making of false reports. The defendant did not offer to prove that the alleged reports to which he referred were false.

The incident which involved the undressing of the little girl, obviously, did not come within the rule permitting interrogation with respect to prior false reports. It would appear that defendant was attempting to impeach the complaining witness by showing that the latter had engaged in a prior unchaste act. The objection thereto properly was sustained. (*People* v. *Stice,* 165 Cal.App.2d 287, 289 [331 P.2d 468]; *People* v. *Whalen,* 70 Cal.App.2d 142, 149 [160 P.2d 560].)

The offer to prove that the victim had made "another report against another man in New York," without any showing that such report was false, in effect, constituted an offer to prove inferentially that the victim had been involved in an act with a man in New York similar to that in which he was engaged with the defendant. Proof that the victim had engaged in immoral acts with a man in New York, or had made a report to this effect, did not disprove that he had engaged in similar acts with the defendant. (*People* v. *Stice, supra,* 165 Cal.App.2d 287, 289; *People* v. *Pilgrim,* 160 Cal. App.2d 528, 530 [325 P.2d 143].) The objection thereto properly was sustained.

On appeal, the defendant makes the further contention that his cross-examination of the victim in the area noted was exploratory; was authorized by the decision in *People* v. *Burton,* 55 Cal.2d 328, 344 [11 Cal.Rptr. 65, 359 P.2d 433]; and its curtailment was prejudicially erroneous. At the discussion between court and counsel heretofore referred to, the

latter did not premise his right to ask the questions to which objection was made on the ground that his examination was exploratory. To the contrary, it appeared that he was possessed of information which prompted the interrogation he wished to make. He made an offer of proof in support of his position. Insofar as his inquiry was directed to a report made about a man in New York, the information which furnished him with the basis of his offer of proof in this regard certainly was available to ascertain whether that report was true or false.

 The defense should be allowed wide latitude in the cross-examination of a complaining witness in sex offense cases. (*People* v. *Burton, supra,* 55 Cal.2d 328, 343-344; *People* v. *Hurlburt, supra,* 166 Cal.App.2d 334, 338.) On the other hand, the trial court is charged with the duty of seeing that this privilege of cross-examination is not abused. (*People* v. *Hurlburt, supra,* 166 Cal.App.2d 334, 343.)

 In some instances such cross-examination may be curtailed because of the prejudicially immaterial implications attendant upon particular questions propounded in the course thereof. (*People* v. *Burton, supra,* 55 Cal.2d 328, 354.) Because the field of permissible cross-examination in such cases is wide, the trial judge must be given broad discretion to keep it within reasonable bounds. (*People* v. *Burton, supra,* 55 Cal.2d 328, 343; *People* v. *Jones,* 207 Cal.App.2d 415, 421 [24 Cal.Rptr. 601].) We find no abuse of that discretion in the instant case.

 The mother of the victim was permitted to testify that she and her son had a conversation about his use of indecent language involving an act of sex perversion; that as a result of this conversation she made a complaint to the sheriff's office; and that her son related what he had told her to a deputy sheriff. The latter testified that, on August 25, 1960, he had a conversation with the boy in the presence of his parents; that he received a complaint as to a sex offense; that the boy made some statements respecting his being molested while in his own home on the night his mother went to the hospital; and that he, the sheriff, made a report of this conversation.

The foregoing testimony was introduced to rebut any inference of recent fabrication based on facts developed upon cross-examination of the victim by counsel for the defendant.

The trial court cautioned counsel for the prosecution not to go into the details of the conversations between the boy and

his mother or the deputy sheriff, and sustained objections to any questions which appeared to elicit such details. None thereof were admitted.

Under the present rule, the prosecution may show that the victim of a sex offense complained about it within a reasonable time thereafter; " 'that the complaint related to the matter being inquired into, and not a complaint wholly foreign to the subject' "; the alleged victim's statement of the nature of the offense and the identity of the asserted offender; but not any of the details of the statement relating the complaint. (*People* v. *Burton, supra,* 55 Cal.2d 328, 351.)

The alleged objectionable testimony in the instant case was limited to that admissible under the foregoing rule. The defendants contention to the contrary is without merit. In support of his position he relies upon the decision in *People* v. *Hubbell,* 54 Cal.App.2d 49 [128 P.2d 579], which held inadmissible evidence showing that the mother of a victim had made a complaint to the police. In the instant case the victim himself made the complaints which are the subject of the testimony to which objection is made. The cited case is not authority for the position urged by the defendant.

During the course of the trial the court, in ruling upon objections to the admission of testimony, made comments which the defendant contends constituted prejudicial error. It is not necessary that we belabor this opinion with a detailed recital of the evidence, the interrogation under consideration, counsels' statements with respect thereto, and the court's remarks in the premises, which compositely must be considered in determining the propriety of the latter. (*Estate of Arstein,* 56 Cal.2d 239, 241 [14 Cal.Rptr. 809, 364 P.2d 33]; *Fomco, Inc.* v. *Joe Maggio, Inc.,* 55 Cal.2d 162, 164 [10 Cal.Rptr. 462, 358 P.2d 918]; *People* v. *Chapman,* 207 Cal. App.2d 557, 574 [24 Cal.Rptr. 568]; *Cottle* v. *Gibbon,* 200 Cal.App.2d 1, 6 [19 Cal.Rptr. 82]; *Edwards* v. *Container Kraft Carton etc. Co.,* 161 Cal.App.2d 752, 756 [327 P.2d 622].) We have reviewed the record in the light of defendant's objections and conclude that the comments made by the court did not constitute an abuse of its discretion, and were not error.

The court was confronted with the difficult task of securing to the defendant that wide latitude of examination in sex offense cases heretofore considered and, at the same time, confining the trial to material issues. This task was

made more difficult by the seemingly intentional effort of the defense to distract the attention of the jury from the material issues; to direct its attention to collateral issues; and, in particular, to show that the victim had been engaged in acts of misconduct such as undressing a little girl, burglarizing a house and stealing a shotgun, with the hope that his testimony thus might be discredited. ▇ The trial court permitted answers to some of the questions propounded by the defendant developing the probability of prior misconduct by the victim under the belief that the purpose thereof was foundational to a theory that the victim and his parents may have thought that the defendant instigated charges and investigations with respect to these acts of misconduct, and in retaliation brought about the instant charges. However, this theory never was developed. Thereupon the court permitted the father of the victim to explain that the burglary and theft charges were without foundation. The latter testimony occurred during the course of the cross-examination of the father by counsel for the defendant immediately following a question concerning the shotgun incident and a further question respecting the victim's being brought to the county probation officer at the request of the sheriff. Under the circumstances of this case the admission of this testimony was not prejudicial error.

▇ Some of the comments made by the court to which objection now is made were not objected to at the time of trial. For this reason they may not be assigned as error on appeal. (*People* v. *Corrigan*, 48 Cal.2d 551, 556 [310 P.2d 953].) ▇ Other comments by the court were objected to at the time of trial and, thereafter, the court admonished the jury that it should not be influenced thereby. If these comments were objectionable, the admonition cured any error in making them. The trial court believed that its remarks were made in the valid exercise of its authority, and the admonition given the jury was evidence of its "zeal to conduct a fair and orderly trial." (*Gist* v. *French*, 136 Cal.App.2d 247, 258 [288 P.2d 1003].)

The judgment is affirmed.

Griffin, P. J. and Brown (Gerald), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 13, 1963.