**STATE of Missouri, Respondent,**

v.

**Virgil McCALL, Appellant.**

**No. 53331.**

Supreme Court of Missouri,
Division No. 2.

March 11, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Albert J. Stephan, Jr., Sp. Asst. Atty. Gen., St. Louis, for respondent.

George B. Scott, Jr., Poplar Bluff, for appellant.

ROBERT T. DONNELLY, Judge.

Appellant, Virgil McCall, was convicted of the felony of incest under § 563.220, RSMo 1959, V.A.M.S., in the Circuit Court of Butler County, Missouri, and his punishment was assessed at imprisonment for five years. Following rendition of judgment and imposition of sentence, an appeal was perfected to this Court by court-appointed counsel.

Appellant was convicted of having committed fornication with his natural daughter on April 29, 1967, in the family home in Poplar Bluff, Missouri. Appellant does not question the sufficiency of the evidence. It is sufficient to sustain the conviction.

Appellant contends that the trial court erred in refusing to give, though requested by appellant, the following instruction:

"The Court instructs the jury that under the law of this state the fact that the defendant, Virgil McCall, did not testify in the trial of this cause shall not be construed to affect in any way his innocense or guilt nor shall the same raise any presumption of guilt."

The Fifth Amendment to the Constitution of the United States provides that no person " * * * shall be compelled in any criminal case to be a witness against himself, * * *." Art. I, § 19, Const. of Mo., 1945, V.A.M.S., provides that " * * * no person shall be compelled to testify against himself in a criminal cause, * * *."

In 1877, the Legislature of Missouri enacted what is now § 546.270, RSMo 1959, V.A.M.S. (S.Ct.Rule 26.08, V.A.M.R.), which reads as follows:

"If the accused shall not avail himself or herself of his or her right to testify, or of the testimony of the wife or husband, on the trial in the case, it shall not be construed to affect the innocence or guilt of the accused, nor shall the same raise any presumption of guilt, nor be referred to by any attorney in the case, nor be considered by the court or jury before whom the trial takes place."

In 1893, this Court, in State v. Robinson, 117 Mo. 649, 663, 23 S.W. 1066, 1070, stated:

"Another instruction, it is said, the court ought to have given, and that was to the effect that if a party accused fail to testify such failure shall not create any presumption against him. There was no error in refusing such an instruction. Section 4219, Rev.St.1889, is the one relied on to sustain this view; but the concluding words of that section provide that such failure to testify shall not 'be referred to by any attorney in the case, nor be considered by the court or jury before whom the trial takes place.' If the court had given such an instruction, it would have disobeyed the spirit, if not the letter, of the law."

The legislative and judicial departments of Missouri government have, for many years, concurred in the view that the privilege against self-incrimination is best protected by refraining "throughout the trial from any reference to the defendant's failure to take the witness stand." State v. Denison (1944), 352 Mo. 572, 581, 178 S.W.2d 449, 455. See Annotation, 84 L.Ed. 261, 269–271. Appellant's contentions were last considered, and were rejected, by this Court in State v. Barker (1966), Mo. Sup., 399 S.W.2d 1, and State v. Hodge (1966), Mo.Sup., 399 S.W.2d 65. We are not persuaded that the law in Missouri on the question should be changed.

Appellant contends bias and prejudice on the part of the trial court is shown because the trial judge first indicated he would give the requested instruction and then refused to give the instruction. The record reveals that the trial judge "checked into this matter during the noon recess," and then refused to give the instruction. The point is without merit.

An examination of the record as required by S.Ct.Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

All of the Judges concur.