459 P.2d 727

**The STATE of Arizona, Appellee,**

v.

**Alson Thomas WAHRLICH, aka Thomas Jefferson Clark, Appellant.**

**No. 1966.**

Supreme Court of Arizona.
In Banc.

Oct. 17, 1969.

Rehearing Denied Nov. 18, 1969.

---

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Norval W. Jasper, Tucson, for appellant.

STRUCKMEYER, Justice.

Appellant, Alson Thomas Wahrlich, was charged with the crime of kidnapping, a violation of A.R.S. § 13–492, subsec. B and convicted after a jury trial. From the conviction and sentence thereon he has appealed.

On April 16, 1964, the prosecuting witness, a six year old child, was walking to school in the City of Tucson, Arizona. Appellant then driving a Renault Automobile, parked the car in an alley and opened the door on the driver's side, intercepting the prosecuting witness as she was on her way to school. He then either inveigled or enticed her into entering the car on the pretext of giving her a ride to school. Instead of stopping at the school he continued on and subsequently choked and beat her about the face and committed certain lewd or lascivious acts upon her body. Appellant immediately left Arizona and it was nearly four years before he was apprehended and brought back for trial.

By statute, A.R.S. § 13–492, subsec. B the inveigling or enticing of "any child under the age of fourteen years by any means whatsoever with intent to hold or detain," or the holding or detaining of a child "for the purpose of * * * committing * * * lewd or lascivious acts upon the person of such child" is made a felony. Appellant urges that the evidence is not sufficient to establish the offense as defined by this statute. We think it is overwhelming.

The prosecuting witness testified that appellant asked her to enter his automobile saying that he would drive her to school, that he passed the school grounds, refused to let her out of the car and that he choked her and struck her about the face and committed certain lewd or lascivious acts

including severely lacerating her upper legs.

Immediately after appellant let the prosecuting witness out of his automobile she was seen by one Linda Ruth Aguire. Mrs. Aguire described the girl's appearance as "her tongue and neck were swollen and she was bloody from her legs and her face." Mrs Aguire also testified that the prosecuting witness told her that this man had picked her up, that she had fought him, that he had choked her, scratched her between the legs and struck her on the nose.

At the trial appellant testified that he parked his car in an alley and that as the prosecuting witness passed in front of him he called to her and asked her if she would like a ride to school; that after some hesitation she answered "okay" and entered his automobile. He also testified that he started the motor of the car and pulled out of the alley and turned right onto a public road; that as he was driving down the road he looked toward the prosecuting witness and "for some reason she looked exactly like Linda," his wife, and from then on that was all he could recall until he had returned to his residence; that he remembered only occasional events concerning leaving Arizona and going to St. Louis, Missouri. Appellant testified that he had been twice convicted of a felony, the first time in Phoenix, Arizona, for aggravated assault, a felony and child molesting, a misdemeanor, and the second in Oklahoma City, Oklahoma, on a charge involving a factual situation somewhat similar to the instant case.

Appellant called to the witness stand a medical doctor practicing in psychiatry, Marshal Watson Jones, who testified that he had examined appellant and that psychiatric tests had been given to him. He described appellant's condition as being one of "episodic dyscontrol," that this term is used to describe "a mental state when a person at some point is completely overwhelmed with some sort of stress or some sort of impulse that they can't handle,"

and that appellant's claim of amnesia is psychiatrically consistent with a period of episodic dyscontrol. Dr. Jones further testified that the appellant talked to him about the offense and appellant said he thought he remembered some kind of a struggle in which he held the girl down in the seat of the car and that "he sort of came to when to when he noticed that the girl was bleeding." Dr. Jones also testified that appellant had described to him some 10 or 15 other episodes involving sexual molestation of children but that in these other incidents he did not suffer from episodic dyscontrol.

■ Appellant argues that the proof is not sufficient to establish the crime of kidnapping in that no intent to hold or detain the prosecuting witness for the purpose of committing lewd or lascivious acts was shown. Appellant claims that because of the mental state of episodic dyscontrol he was not really aware of what he was doing and therefore could not have had the necessary criminal intent. However, this does not necessarily follow. That appellant does not remember committing the acts does not prove a want of consciousness at the time of the offense. At best, it only proves that he does not remember now what he did then.

Criminal intent is often illusive and difficult to pinpoint. State v. Hoffman, 78 Ariz. 319, 279 P.2d 898. " '[I]t is quite proper and indeed often necessary to consider the entire conduct of the individual before and after the particular act * *,' " and " 'the intent or intention is manifested by the circumstances connected with the offense, and the sound mind and discretion of the accused.' " State v. Pudman, 65 Ariz. 197, 201, 177 P.2d 376, 379.

■ If we assume that which the jury was not required to believe, that the appellant's self-control was overpowered, this would not constitute a defense to the charge. Irresistible impulse is not a legal defense to a criminal charge in Arizona. State v. Schantz, 98 Ariz. 200, 403 P.2d 521; State v. Macias, 60 Ariz. 93, 131

P.2d 810. The jury could find from an abundance of evidence in the case that the appellant's purpose in inviting the prosecuting witness into his car was to commit the lewd or lascivious acts as proven or that he intended to hold or detain her at that time.

Appellant urges that the prosecuting witness' testimony was so contradictory as to be inherently unreliable. It is true that the prosecuting witness' testimony at the trial was in some respects contradicted by her testimony at the preliminary hearing. But the facts surrounding the enticement as established by the appellant's testimony and the other evidence in the case are sufficient to establish every necessary element of the offense.

Appellant has one further complaint. After the jury was impaneled at the trial and the complaining witness had taken the stand, appellant moved that her testimony be continued until such time as she had been examined by a qualified physician as to her social history and mental makeup and a report of that examination be given to the court. This motion was in part predicated upon the fact that the complaining witness had been sexually assaulted in the intervening four years between the time of the incident and the trial and her testimony had been instrumental in convicting her assailant on a charge of rape. Appellant urges that no judge should ever let a sex offense charge go to the jury unless the female's complete social history and mental makeup have been examined and testified to by a qualified physician.

Appellant acknowledges that he has been unable to find any reported cases supporting his position. He relies principally on 3 Wigmore on Evidence § 924 [a] which in turn quotes with approval from Dr. Carl A. Menninger and the Reports of the American Bar Association's Committee on the Improvement of the Law of Evidence, 1937–1938. We are, however, loathe to adopt an arbitrary rule which would place excessive reliance on the testimony of a psychiatrist. See: Ballard v. Superior Court of San Diego County, 64 Cal.2d 159, 49 Cal.Rptr. 302, 410 P.2d 838, 848, 18 A.L. R.3d 1416; Footnote #10. We are in accord with Ballard v. Superior Court of San Diego County, supra, wherein the court stated:

"'We therefore believe that the trial judge should be authorized to order the prosecutrix to submit to a psychiatric examination if the circumstances indicate a necessity for an examination. Such necessity would generally arise only if little or no corroboration supported the charge and if the defense raised the issue of the effect of the complaining witness' mental or emotional condition upon her veracity. Thus, in rejecting the polar extremes of an absolute prohibition and an absolute requirement that the prosecutrix submit to a psychiatric examination, we have accepted a middle ground, placing the matter in the discretion of the trial judge.'" 49 Cal.Rptr. at 313, 410 P.2d 838.

In State v. Klueber, 81 S.D. 223, 132 N. W.2d 847, 850, the Supreme Court of South Dakota quoted from the article, Juviler, Psychiatric Opinions as to the Credibility of Witnesses, A Suggested Approach, 48 Cal.L.Rev. 648, to this effect:

"* * * 'Most of the courts which have dealt with this problem have recognized the authority of the trial judge to order a psychiatric examination of a witness on the question of credibility. The principle established by the majority of the cases is that the judge has the *discretion* to order such an examination, although the failure to do so has rarely been held an abuse of discretion.' We are not aware of any good reason why that should not be the rule concerning complaining witnesses in sex offenses." (Emphasis in original.)

See also People v. Stice, 165 Cal.App.2d 287, 331 P.2d 468; State v. Driver, 88 W. Va. 479, 107 S.E. 189, 15 A.L.R. 917; Conrad, Psychiatric Lie Detection, 21 F.R.D. 199, 209; Juviler, Psychiatric Opinions as to the Credibility of Witnesses, A Suggest-

ed Approach, supra; and McCormick on Evidence, Chapter 5, § 45 p. 100.

We are inclined to the view that the granting of the motion made by the appellant in the court below should be discretionary with the trial judge. In some instances psychiatric testimony might be extremely helpful to a jury in resolving the credibility of the prosecuting witness as in sex cases. Here, in the light of the abundance of the corroborative evidence proving the physical acts as charged and the appellant's admitted participation therein, a psy-

chiatric examination of the child would have added little to the principal defense that appellant did not have the requisite criminal intent. Accordingly, there was no abuse of discretion in failing to sustain appellant's motion.

Finding no error in the record, the judgment of conviction and sentence are affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and McFARLAND and HAYS, JJ., concur.