499 P.2d 155

**STATE of Arizona, Appellee**

v.

**Michael Patrick SCANLON, Appellant.**

**No. 1782–2.**

Supreme Court of Arizona,
In Division.

July 13, 1972.

Gary K. Nelson, Atty. Gen. by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Barber, Haralson, Giles & Moore by Charles M. Giles, Tucson, for appellant.

HAYS, Chief Justice.

In 1967 defendant, Michael Patrick Scanlon, was convicted of the attempted rape of his eleven-year-old stepdaughter. He appealed, and we affirmed. State v. Scanlon, 104 Ariz. 187, 450 P.2d 377.

Shortly thereafter, defendant filed a motion for a new trial based on newly-discovered evidence. He invoked Rule 310 of the Arizona Rules of Criminal Procedure, 17 A.R.S., which provides for a new trial if the newly-discovered evidence would probably have changed the verdict and could not have been discovered before the trial, by the exercise of reasonable diligence. The motion was denied, and defendant has again appealed.

The newly-discovered evidence in the instant case is the fact that the victim of the attempted rape has recanted and states that her testimony at the trial was untrue.

In his brief before this court on this appeal, defense counsel states in three dif--

ferent places that the child's testimony "was the only evidence of the corpus delicti of the crime," that "the only witness who testified that the Appellant had committed the crime was his step-daughter . . ." and that "The State, to establish the corpus delicti, presented the testimony of Rose Scanlon and her testimony alone." He argues, therefore, that it was impossible to have known at the time of the trial that this testimony was false, and that had it been known to be false, the verdict obviously would have been favorable to defendant.

The following facts from our opinion in the former appeal contradict Scanlon's present position.

*A doctor* testified that, upon examination, Rose's genitals were red, swollen, and bruised. *Victor McCullough* testified that defendant came to his bowling alley and stated, "I just raped my 10-year old daughter," and then called his wife and repeated the statement. *Police Officer Robb* testified that he came to the bowling alley and read defendant his rights, after which defendant stated, "I raped my own daughter." *Defendant himself* took the stand and testified that he was drinking heavily, passed out, and was suddenly awakened by the child's screams, at which time he found that "his penis was between her legs."

In short, the corpus delicti was proved by four witnesses other than the victim, including defendant himself. To state that the child victim was the only witness to prove the corpus delicti, is a gross distortion of the truth.

In State v. Propp, 104 Ariz. 466, 455 P. 2d 263, we said:

> "There is no form of proof so unreliable as recanting testimony. In the popular mind it is often regarded as of great importance. Those experienced in the administration of the criminal law, know well its untrustworthy character."

It seems abundantly clear to us, despite the change of testimony by defendant's stepdaughter, that the crime was committed. It is also the general rule in this state that the denial of a motion for a new trial on the ground of newly-discovered evidence is a matter for the discretion of the trial court. Here, we see no abuse of that discretion.

The judgment of the superior court is affirmed.

STRUCKMEYER and HOLOHAN, JJ., concur.