**STATE of Missouri, Respondent,**

v.

**Donald Keith SAWYER, Appellant.**

No. 56243.

Supreme Court of Missouri,
Division No. 1.

Sept. 11, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

J. Martin Hadican, Robert A. Hampe, St. Louis, for appellant.

HIGGINS, Commissioner.

Donald Keith Sawyer, with a prior felony conviction, was convicted by a jury of robbery, first degree, and the court assessed his punishment at 15 years' imprisonment. Sentence and judgment were rendered accordingly. §§ 556.280, 560.120, 560.135, V.A.M.S.

Appellant does not question the sufficiency of evidence to sustain his conviction, and the evidence warrants findings that: On December 5, 1969, Gordon Huddleston visited a bar in St. Louis, Missouri, in the company of a young woman he had met for the first time earlier that evening. When they left the bar, he was struck from behind on the head, his coat was pulled over his head, he was beaten, and his wallet containing some $160, wrist watch, knife, and keys were taken. Defendant entered the bar after arrival of the victim and his female companion, and left the bar immediately after they left. A witness observed the victim during the course of the assault, saw a woman examine his coat and take the wallet. He flagged a patrol car and the officer and occupants gave chase to the man who fled on foot. They apprehended defendant Sawyer in the chase and, upon his arrest, found the victim's keys and knife on his person.

Appellant contends first that the court "erred in refusing defendant's request for a cautionary instruction on his failure to testify." The requested instruction, No. A, reads: "The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn from the failure of the defendant to testify." Appellant cites Section 546.270, V.A.M.S., "If the accused shall not avail himself * * * of his * * * right to testify, * * * it shall not be construed to affect the innocence or guilt of the accused, nor shall the same raise any presumption of guilt, nor be referred to by any attorney in the case, nor be considered by the court or jury before whom the trial takes place." He then argues that the statute does not restrict the court from giving, at the request of a defendant, an instruction in the nature of his Instruction No. A; and that if so construed, the statute is unconstitutional as depriving him of equal protection, due process of law, and protection due him under the Fifth Amendment to the United States Constitution. He further defines his position, submitting "that such a charge as was refused is mandatory, if requested, under the Fifth Amendment * * * and Section 546.270 * * *." He would support his position with Franano v. United States, D.C.W.D.Mo., 243 F.Supp. 709, and cases from other jurisdictions cited 1.c. 711[6], and with Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257, relied upon by the district court at 1.c. 712, to the effect that an accused, if he requests it, is entitled to a cautionary instruction that his failure to take the stand does not

create any presumption or adverse inference against him.

This same argument was analyzed and rejected, State v. Barker, Mo., 399 S.W.2d 1, with the court concluding that "even when it is requested by defendant, * * * it is not error to refuse such an instruction." 399 S.W.2d l.c. 3[2]. See also State v. Perkins, Mo., 382 S.W.2d 701, 707[10]; State v. Aubuchon, Mo., 381 S.W.2d 807, 816[18]; State v. Rutledge, Mo., 267 S.W.2d 625, 626[5]. The same contention, relying in particular on Franano v. United States, supra, was again analyzed and rejected, State v. Dennison, Mo., 428 S.W.2d 573, with the court ruling that "regardless of what may be the rule elsewhere, * * * the refusal to give that sort of cautionary instruction, even when the defendant requests it, is not error." 428 S.W.2d l.c. 578[7]. The same question was also considered and rejected in State v. McCall, Mo., 425 S.W.2d 165. As concluded there, and apropos of this case, this court "is not persuaded that the law in Missouri on the question should be changed." 425 S.W.2d l.c. 166[2].

■ Appellant's second contention concerns a charge of error in permitting an amendment of the information during trial. At the hearing on prior conviction, the State was granted leave over defendant's objection to amend the information with respect to the prior conviction charged to show a date of discharge from imprisonment of October 21, 1967, in lieu of the first alleged date of discharge of June 23, 1967. Appellant contends the court abused its discretion in permitting the amendment because substantial rights of the defendant were prejudiced. His argument is that substantial rights were prejudiced because no finding of prior conviction could have been had without the amendment and he had planned to contest the prior conviction on the ground removed by the amendment.

As recognized by appellant, Rule 24.02, V.A.M.R., authorizes amendment of an information at any time prior to verdict if no additional offense is charged and if substantial rights of the defendant are not prejudiced. State v. Huffer, Mo.App., 424 S.W.2d 776; State v. Cobb, Mo., 444 S.W.2d 408; State v. Webb, Mo., 432 S.W.2d 218; State v. Aston, Mo., 412 S.W.2d 175. There is no suggestion of an additional offense being charged, and the substitution of a different discharge date did not materially alter the allegation of prior conviction as it simply clarified the allegation of prior conviction. This situation is indistinguishable from that in State v. Linder, Mo., 412 S.W.2d 412, where it was no violation of substantial right to permit amendment of an information during trial to substitute Polk County for Jackson County in the allegation of prior conviction as the place of prior conviction. And since enactment of the applicable second offense statute, Laws of Missouri, 1959, Senate Bill 117, proof of discharge from the prior sentence, required by the former act, § 556.280, RSMo 1949, is no longer required. State v. Payne, Mo., 452 S.W.2d 805, 808[8]. Accordingly, there was no prejudice to defendant's substantial rights in the questioned amendment of the information.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.