528 P.2d 612

**STATE of Arizona, Appellee,**

v.

**Robert MORROW, Appellant.**

**No. 2917.**

Supreme Court of Arizona,
In Banc.

Nov. 18, 1974.

N. Warner Lee, Atty. Gen., Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Clair William Lane, Tempe, for appellant.

LOCKWOOD, Justice:

Defendant, Robert Morrow appeals from a jury verdict finding him guilty of two counts of kidnapping in violation of A.R.S. § 13–492 and one count of lewd and lascivious conduct in violation of A.R.S. § 13–652.

On July 21, 1973, the defendant is asserted to have enticed two ten year old girls into his truck on the pretense of helping him search for his missing daughter. The defendant then forced these girls to accompany him to an unknown location near Goodyear, Arizona and commit certain lewd and lascivious acts. Upon returning the girls informed their parents and the Goodyear police of what had occurred and the appellant was arrested early the next morning. The victims both identified the defendant and accurately described his truck and the sequence of events that took place. At trial the defendant presented three alibi witnesses in an effort to show that he could not have traveled from the bar he was patronizing early on the evening of July 21st to the scene of the crime and returned in the time period described by the victims.

Appellant first assigns as error the trial court's refusal to grant the defendant's post trial motion for psychiatric examination of the complaining witnesses. We have previously stated that a court need not on its own motion order the examination of children over ten years of age in order "to determine whether they are

capable of receiving just impressions and relating them truly." State v. Perez, 109 Ariz. 572, 514 P.2d 493 (1973). In cases such as this the decision as to whether such an examination should be required is left to the sound discretion of the trial court. State v. Wahrlich, 105 Ariz. 102, 459 P.2d 727 (1969).

■ We do not find an abuse of discretion, where, as in this case, the defense failed to request such an examination during the trial and the victims appeared remarkably mature for their ages, testifying consistently as to the total series of events that transpired that evening. See State v. Wahrlich, supra; Ballard v. Superior Court of San Diego County, 64 Cal.2d 159, 49 Cal.Rptr. 302, 410 P.2d 838 (1966); 18 A.L.R.3d 1416 (1968).

■ The appellant's second contention is that the trial court abused its discretion by denying the defendant's motion for a new trial based on newly discovered evidence under Rule 310 of the Arizona Rules of Criminal Procedure, 17 A.R.S. We have stated on many occasions that the trial court's denial of a motion for a new trial will not be disturbed in the absence of an abuse of discretion. State v. Kidwell, 106 Ariz. 257, 475 P.2d 241 (1970). In order to compel a new trial pursuant to Rule 310 the newly discovered evidence must be such that it could not have been discovered by the use of due diligence prior to or during the trial. State v. Davis, 104 Ariz. 142, 449 P.2d 607 (1969). The evidence must also be such that it does not merely bolster, impeach or contradict testimony offered at the trial. State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965). Rather it must appear probable that the admission of the evidence would have changed the verdict or findings of the court. State v. Ford, 108 Ariz. 404, 499 P.2d 699 (1972), cert. denied 409 U.S. 1128, 93 S.Ct. 950, 35 L.Ed.2d 261 (1973).

■ The motion for a new trial in this case was based on an assertion by Douglas Black, one of the appellant's alibi witnesses and a member of the Central Arizona Mountain Rescue Association, that he was able to pinpoint the "exact" location in the desert near Goodyear where the girls had been taken by their abductor. From this it was concluded that the defendant could not have left the bar, proceeded to the point located and then returned home in the time frame established by the testimony of the victims and the appellant's alibi witnesses.

The appellant asserts in his brief that the sudden discovery of this location after trial was made possible by the "detailed" description given by the victims at trial. The trial court could have found the description given by the victim's would more accurately be referred to as general and vague rather than "detailed". The girls testified they were forced to lie down on the floorboard soon after being abducted, obscuring all but the most fleeting glimpses of the surroundings. The court could have determined that testimony at trial that they went down a bumpy road, went through a gate-like structure and could see three mountains from this unknown spot would hardly provide a sufficient basis from which to reach any definite conclusions as to their whereabouts in a desert community such as Goodyear. The court could have concluded that a multitude of locations would satisfy this formula. We decline to disturb the trial court's discretion in denying the defendant's motion for a new trial. State v. Brierly, 109 Ariz. 310, 509 P.2d 203 (1973); State v. Blankenship, supra.

■ The appellant's third contention is that his constitutional rights were "materially interfered with by the state" by certain actions allegedly designed to prevent the defendant from securing additional alibi witnesses. A Goodyear police officer, James Ward, testified he went to the bar the defendant had patronized the evening the crimes at issue in this case occurred and collected what remained of several photographs left there by counsel for the defense, the officer apparently believing these pictures were unauthorized police mug shots. The officer's actions, however, do not appear to have prejudiced the defendant and its appears undisputed that additional alibi witnesses would only have corroborated testimony given by other wit-

nesses at trial. Appellant cites no authority to require reversal on this ground and we are aware of none.

Appellant further contends that Officer Ward committed perjury in his testimony at trial as evidenced by certain inconsistencies with statements he had previously made to the grand jury. This allegation can be dismissed with two observations. First, even if the officer made inconsistent statements the outcome would probably not be affected as all of the elements of the crimes involved were proved by the testimony of the two victims and the examining physician. State v. Scanlon, 108 Ariz. 399, 499 P.2d 155 (1972). Second, a new trial is not required unless we "find these inconsistencies to be of such a nature as to convince this Court that the witness was committing, or had committed, perjury." State v. Brazil, 18 Ariz.App. 545, 504 P.2d 76 (1973). The inconsistencies in Officer Ward's testimony are not of this nature.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.