**STATE of Missouri, Respondent,**

v.

**Manson M. ANGEL, Appellant.**

No. KCD 26623.

Missouri Court of Appeals,
Kansas City District.

March 3, 1975.

James S. Formby, Clarence B. Mitchell, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Dan Summers, David Robards, Asst. Attys. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Manson M. Angel was convicted by a jury of stealing property of a value of at least $50. The jury was unable to agree on his punishment and the court fixed the punishment at three years' imprisonment. § 560.161, V.A.M.S.; Rule 27.03, V.A.M.R.

On Saturday morning, August 28, 1971, Manson M. Angel was a residence manager at the Downtown YMCA, 404 East 10th Street, Kansas City, Jackson County, Missouri. Around 10:30 a. m., he was processing cash and other receipts for purposes of a bank deposit of $896.70. Around noon he told John K. Chatlain, branch executive of the Downtown YMCA, he was leaving to get a flu shot at General Hospital and would return in an hour. After nearly two hours, sometime around 3:00 p. m., Mr. Chatlain checked the deposit envelope upon which defendant had been working. It had been marked "Deposit ready" in defendant's handwriting, and it had been sealed and secured in a safe. It had not been opened or resealed. When opened by Mr. Chatlain, he found a bank deposit slip for $896.70, $1.70 in change, and a check for $20; $875 was missing.

On the day in question, the outer door of the safe was open; an inner door was locked. There were two keys to the inner door, one in defendant's possession, and one locked in a cabinet to which only Mr. Chatlain and his secretary had access.

Further office check revealed $90 in coin missing from a safety deposit box. This box had an outer lock system and a padlock on an inner compartment where the $90 ordinarily was kept. Mr. Chatlain and his secretary had access to keys to the outer lock system, but defendant had the only key to the inner compartment.

Defendant did not return to or call the YMCA after leaving on the date in question, nor has he done so at any time, and there was approximately one half a month's salary of $250 due him.

Defendant's evidence consisted of testimony from two other employees, not present during the hours in question, intended to show that other employees had general access to the office area of the Downtown YMCA.

Appellant contends (1) "that the evidence was so confusing and insufficient that it does not sustain a verdict of guilty as a matter of law." In support, appellant cites Kansas City v. Lane, 391 S.W.2d 955 (Mo.App.1965), for the proposition that in determining whether evidence is sufficient to support a judgment, every case must stand on its own facts; State v. Adkins, 222 S.W. 431 (Mo.1920), that opportunity of itself cannot establish guilt beyond a reasonable doubt; State v. Conway, 351 Mo. 126, 171 S.W.2d 677 (1943), that suspicion cannot take the place of evidence necessary to establish the elements of a crime; and State v. Kinnamon, 314 Mo. 662, 285 S.W. 62 (1926), that strong suspicion of guilt is not sufficient to sustain conviction. There is no quarrel with these propositions; however, the cases are factually dissimilar.

■ On this review, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the verdict, and evidence and inferences to the contrary must be rejected. State v. Hicks, 438 S.W.2d 215, 218 [1] (Mo.1969).

The statement in this case, cast in the light of State v. Hicks, supra, demonstrates: that a theft occurred at the Downtown YMCA in Kansas City, Missouri, sometime between 10:30 a. m. and 3:00 p. m. August 28, 1971; that $875. was missing from a deposit envelope secured in a safe and $90 in coin was missing from the inner compartment of a safety deposit box as a result of the theft; that all such property belonged to the Downtown YMCA, and was taken by one or more persons.

■ In addition to the foregoing circumstantial evidence, defendant concedes that the evidence shows his presence at the scene with opportunity to commit the theft; and it was shown that he had been processing the deposit and carried the only key to the safety deposit box. Also shown was his failure to return, even though due $250 in salary, which, as conceded by defendant, is a circumstance which points to his guilt, and it is of the nature of unexplained flight from the scene of a crime. Cf. State v. Burnley, 480 S.W.2d 881, 883 [3] (Mo.1972); State v. Kilgore, 447 S. W.2d 544, 547 [4] (Mo.1969).

■ The circumstances present raise a fair and reasonable inference of defendant's act of stealing, and are sufficient to permit a reasonable belief of his guilt beyond a reasonable doubt. State v. Ramsey, 368 S.W.2d 413 (Mo.1963). They show also that this verdict does not rest on suspicion, surmise or conjecture; that they are consistent with defendant's guilt, in-

consistent with his innocence, and point to his guilt so as to exclude every hypothesis of his innocence. State v. Rogers, 380 S. W.2d 398 (Mo.1964); State v. Ramsey, supra. Conflicts and credibility questions, if any, raised by the evidence were properly for the jury to resolve, State v. Hadley, 249 S.W.2d 857, 861 [4] (Mo.1952); and this court does not weigh the evidence where it is sufficient to support the verdict and judgment, State v. Emrich, 250 S.W.2d 718, 725 [7] (Mo.1952).

■ Appellant contends (2) that the court erred in refusing to give his Instruction A to inform the jury "that defendant need not testify, has the right not to testify and that the jury could not in any manner draw any inference against the defendant because he did not take the stand."

This case went to the jury December 6, 1972, and appellant admits "that heretofore it has not been the rule that this instruction must be given, if not objected to, in criminal trials in * * * Missouri." His concession is supported by a long line of Missouri cases which hold that it is not error to fail to instruct the jury on the defendant's right not to take the stand and testify. See, e. g., State v. McCall, 425 S. W.2d 165 (Mo.1968); State v. Dennison, 428 S.W.2d 573 (Mo.1968); State v. Deiter, 446 S.W.2d 609 (Mo.1969); State v. Scott, 482 S.W.2d 727 (Mo. banc 1972); State v. Hutchinson, 458 S.W.2d 553, 556 (Mo. banc 1970); State v. Smart, 485 S. W.2d 90, 94–96 [9] (Mo.1972).[1]

■ By his point 3, appellant would charge the court with error in connection with the argument of the prosecuting attorney.

Appellant failed to preserve this alleged error because no such charge was present-

---

1. Since the trial of this case, Rule 26.08, V.A.M.R., was amended, effective September 1, 1973, to provide that if the defendant does not testify, and he so requests but not otherwise, the court shall instruct the jury that " 'Under the law, a defendant has the right not to testify. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant did not testify.' " See also MAI–CR 3.76 and Notes on Use, effective January 1, 1974.

ed to the trial court in the motion for new trial, Rule 27.20(a), V.A.M.R.; State v. Nolan, 423 S.W.2d 815 (Mo.1968).

 Appellant's point 4 is a charge of error in supplying the jury with three forms of verdict, none of which covered a finding that he was "not guilty." This is no longer an issue because upon motion to correct the transcript on appeal, the transcript as corrected shows that the jury was given a form of verdict which would permit the jury to find defendant "not guilty."

By his point 5, appellant charges the court erred in communicating with the jury when, in response to a written request from the jury to "please verify the date of 28 August, 1972 in Instruction 3. Trial indicated 1971," and to inquire whether Angel "was the only one who had a key to the 90.00? in the loose box which was inside the security box," the court answered in writing that "as to Instruction 3— (1972) is a clerical error & the instruction should read 1971 & I now amend that instruction to so read" and advised the law did not permit an answer to the second question.

By point 6 appellant complains of the failure to provide for a verbatim transcript of the foregoing proceeding.[2]

By point 7 appellant complains of the correction made to Instruction 3.

By point 8 appellant complains of failure to require the reporter to make a stenographic transcription of the reading of all the instructions including the forms of verdict.[3]

 Points 5–8 were not preserved for review because they were not presented to the trial court in the motion for new trial. Rule 27.20(a) and State v. Nolan, supra. Nor is it made to appear how correcting Instruction 3 to make it correspond to the charge and evidence could rise to manifest injustice necessary to a successful allegation of plain error under Rule 27.-20(c), V.A.M.R. Similarly, it is inconceivable that failure to transcribe the court's reading of the instructions which thereafter were physically in the jury's possession for their own reading and guidance could constitute plain error.

Judgment affirmed.

All concur.

---

2. The inquiry and answer in point 5 have been made a part of this record by stipulation.

3. All the instructions were transcribed; only the reading was omitted.