568 P.2d 1130

**In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. J–82718–S.**

No. 1 CA–JUV 51.

Court of Appeals of Arizona,
Division 1,
Department B.

July 26, 1977.

Review Denied Sept. 15, 1977.

Charles F. Hyder, Maricopa County Atty. by C. O. Lamp, Deputy County Atty., Phoenix, for appellee.

Spencer K. Johnston, Phoenix, for appellant.

## OPINION

NELSON, Judge.

On February 24, 1976, the appellant juvenile was adjudicated delinquent by reason of curfew violation and burglary. He was fifteen years old at the time. On May 20, 1976, the appellant was placed on probation in the custody of his natural parents with family counseling directed.

On June 17, 1976, a petition was filed to revoke appellant's probation on grounds of burglary and obstructing a police officer. The appellant admitted the alleged misconduct. On July 15, 1976, the appellant was continued on probation and on July 30, 1976 the Juvenile Court entered an order directing the appellant and his parents to participate in family counseling.

On September 5, 1976, the appellant was shot by a police officer attempting to quell a disturbance. As a result of this incident, a petition was filed alleging that appellant had again violated his probation by committing an aggravated assault by assaulting a police officer. In the alternative it was alleged he obstructed the police officer while he was trying to arrest another person at the scene. Another allegation of violation recited he was consuming alcohol in the form of beer while under the age of 19.

Appellant denied the violations and the matter was heard by the Juvenile Court Judge. After the testimony of several police officers, other witnesses, and the admission of several photographs, as well as a diagram of the scene, the appellant was found in violation of his probation for assaulting the police officer. The alternative count of obstructing, as well as the allegation of minor consuming, was dismissed. At the disposition hearing, appellant was continued on probation under the same conditions and terms previously imposed and was continued in the custody of his parents. This appeal followed.

The questions presented here are as to the sufficiency of the evidence to support the violation of appellant's probation, and the efficacy of an affidavit of a fifteen year old witness, not located previously, who would testify in appellant's favor as to the facts surrounding the assault and shooting.

At oral argument, a threshold question as to the degree of proof required was also raised. We answer this question first. The Supreme Court of Arizona, in its decision *In re Maricopa County*, Juvenile Action

No. J–72918–S, 111 Ariz. 135, 524 P.2d 1310 (1974), makes it clear that the adult standard of proof in probation revocation matters, a preponderance of the evidence, is also applicable to proceedings for revocation of juvenile probationers. *See* Rule 17, Rules of Procedure For the Juvenile Court, 17A A.R.S. This decision, as the case before us, involved an allegation of conduct, which if committed by an adult, would be a violation of the law. The Supreme Court there vacated this Court's opinion in 22 Ariz.App. 33, 523 P.2d 84 (1974), which had concluded that a higher standard of proof should apply to criminal violations of juvenile probation. The two cases are discussed in Note, 17 Ariz. Law Review 846 (1975) and Note, 1973 Law and Soc. O. 551.

The applicable standard of proof is thus now in Arizona "by preponderance of the evidence". Viewing the facts in this light there is ample proof. The police officer drove by the location of a beer and pot smoking party, shining his spotlight on the various participants. Witnesses had no trouble recognizing the vehicle as a police car. The officer stopped and backed up, parking his car on the opposite side of the street from the residence where the party was going on.

After he got out of his car, the officer walked across the street to investigate further. He was met by one or two of the participants, also recognized by the witnesses, in spite of the lack of illumination. After the officer admonished one of the people concerning his conduct regarding the beer, the young man continued to consume the alcohol and was placed under arrest by the officer. He resisted.

At this time the officer was being pelted by gravel, beer cans, and a chair from the other party-goers. He estimated at least ten to twelve people were involved. The witnesses, even the adverse ones, confirmed this to be an accurate estimate. As the officer was struggling to maintain custody of the person he had arrested, appellant approached to within twenty to twenty-five feet of the officer and threw a partially filled can of beer at him. At this point the officer fired one shot from his service revolver, striking appellant. The officer thereafter sought assistance and the budding riot was quelled, with several arrests being made.

There can be no question that the evidence, both direct and circumstantial, amply shows that the appellant juvenile committed an assault on the police officer. The police officer identified him as the person he saw draw back his arm and throw a can at him. He had already seen other people throw cans, gravel and a chair at him. All the adverse witnesses, including the new witness, who alleges that the juvenile was standing with his hands at his sides and empty when the shot occurred, confirm that there was sufficient visibility to recognize the various participants in the fracas.

Finally, appellant urges that the discovery of this new witness, who confirms the ability of the appellant to recognize the police officer as such, but presents a conflicting view as to appellant's aggressive behavior, mandates a new hearing. This affidavit, assuming that it was diligently discovered, presents merely cumulative and contradictory evidence and would not have changed the results of the hearing. *See e. g.*, Rules 24.2(a)(2) and 32.1(e)(1), Rules of Criminal Procedure, 17 A.R.S.; *State v. Morrow*, 111 Ariz. 268, 528 P.2d 612 (1974).

The finding that the appellant juvenile violated his probation by assaulting a police officer is affirmed.

SCHROEDER, P. J., Department B, and EUBANK, J., concur.