**STATE of Missouri, Respondent,**

v.

**Glenn BAUGHMAN, Appellant.**

**No. KCD 29205.**

Missouri Court of Appeals,
Kansas City District.

May 1, 1978.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John O. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant was charged by information with sodomy per os, an offense proscribed by Sec. 563.230, RSMo 1969. Trial to a jury resulted in a verdict of guilty. The trial court, in view of the jury's inability to agree thereupon, assessed defendant's punishment at ten years imprisonment.

The unsavory nature of the facts, coupled with defendant's tacit concession of their sufficiency to sustain the guilty verdict, makes minimal reference to them highly appropriate.

The state presented evidence from which the jury could find beyond a reasonable

doubt that on two occasions on July 10, 1975, defendant inserted his penis into the mouth of his eleven year old daughter. On the latter occasion, defendant ejaculated into the pathic's mouth and she spat the exudate onto the basement floor. A chemical analysis thereof, although failing to reveal the presence of any sperm cells, did reveal the presence of acid phosphatase, a material produced by the male prostate gland and a constituent of seminal fluid. Pure saliva does not contain acid phosphatase. Although it was acknowledged that certain ingestible vegetable matter reacts weakly to acid phosphatase tests, the sample of expectoration under analysis reacted strongly and positively to an acid phosphatase test.

A single point is advanced by defendant on appeal—error in not permitting him to inquire of the prosecuting witness on cross-examination as to whether she had previously made similar accusations of sexual assaults upon her by others.[1] To defendant's dismay, this point was not preserved for appellate review because it was never included in his motion for a new trial. *State v. Nolan*, 423 S.W.2d 815 (Mo.1968); and *State v. Angel*, 520 S.W.2d 687 (Mo. App.1975). Defendant's imploration that it be reviewed as "plain error" under Rule 27.20(c) is rejected. After studying the asserted claim of plain error, records, briefs, and cited cases with great scrupulosity this court is constrained to conclude that "manifest injustice" or a "miscarriage of justice" are not contemporaries of defendant's conviction and sentence.

Judgment affirmed.

All concur.

---

1. By way of general observation defendant failed to refine his point to the extent of charging that the "similar accusations" referred to were false and mere fabrications of the prosecuting witness's mind. In view of his failure to do so, sound authority exists to exonerate the trial court of any error in limiting defendant's cross-examination of the eleven year old prosecuting witness. See 75 A.L.R.2d 508; and *People v. Pacheco*, 220 Cal.App.2d 320, 33 Cal. Rptr. 735 (1963).