NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JUAN ESPINO-TORRES, *Petitioner*.

No. 1 CA-CR 16-0309 PRPC
FILED 7-6-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2008-007464-001 DT
The Honorable Sally Schneider Duncan, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Juan Espino-Torres, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler joined.

**J O N E S**, Judge:

¶1　　　　Juan Espino-Torres petitions for review from the dismissal of his petition for post-conviction relief.　We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2　　　　A jury found Espino-Torres guilty of two counts of sexual conduct with a minor under the age of fifteen, both class two felonies and dangerous crimes against children; one count of sexual abuse of a minor under the age of fifteen, a class three felony; and three counts of sexual conduct with a minor, all class six felonies.　The trial court imposed consecutive twenty-year terms of imprisonment for the sexual conduct charges and concurrent terms of lifetime probation on the remaining counts.　Torres was acquitted of three additional charges for attempted molestation of a child, sexual abuse, and indecent exposure.

¶3　　　　Espino-Torres' convictions and sentences were affirmed on direct appeal.　*See State v. Espino-Torres*, 1 CA-CR 09-0212, 2009 WL 4877735 (Ariz. App. Dec. 17, 2009) (mem. decision).　Following three other unsuccessful petitions, Espino filed the underlying petition for post-conviction relief — his fourth.　Within that petition, Espino-Torres alleged trial counsel was ineffective because he: (1) would not allow Espino-Torres to testify in his own defense; (2) did not file a "bill of particulars"; (3) permitted amendments to the indictment; and (4) did not hire an expert on suppressed memory.　Espino-Torres also claimed actual innocence, disputed facts from the trial, and claimed he had an alibi for certain charges because he was in federal custody at the time the incidents allegedly occurred.　In support of these claims, Espino-Torres attached declarations of innocence, along with portions of trial transcripts and federal immigration documents relating to his custodial status.　The trial court summarily dismissed his petition after noting most of the claims, including ineffective assistance of counsel, were successive, untimely, and precluded under Arizona Rule of Criminal Procedure 32.2(a).　The court also found Espino-Torres' custodial status was not newly discovered evidence and that he failed to establish his "actual innocence" by clear and convincing evidence.　*See* Ariz. R. Crim. P. 32.1(e), (h).　Therefore, the court concluded the exceptions allowing untimely or successive petitions found in Rule 32.2(b) did not apply.　Espino-Torres then petitioned this Court for review.[1]

---

[1]　　　　Espino-Torres moved for reconsideration of the trial court's dismissal of his fourth petition for post-conviction relief, which was not

¶4            We review the trial court's ruling on a petition for post-conviction relief for an abuse of discretion.  *State v. Jenkins*, 193 Ariz. 115, 118 (App. 1998) (citing *State v. Schrock*, 49 Ariz. 433, 441 (1986)).  We find none.  The record reflects Espino-Torres could have and, at least to some extent, did raise his claims of ineffective assistance of counsel in prior post-conviction relief proceedings; these claims are therefore successive and precluded.  *See* Ariz. R. Crim. P. 32.2(a).  Moreover, in regard to the claim counsel prevented Espino-Torres from testifying, we note Espino-Torres was advised of his right to testify on the record and simply declined to do so.

¶5            We further agree with the trial court that Espino-Torres failed to present a colorable claim of newly discovered evidence under Rule 32.1(e)(2).  Espino-Torres presence in federal custody is not new evidence that could not have been located with due diligence.  *See* Ariz. R. Crim. P. 32.1(e) (requiring "[t]he defendant exercise[] due diligence in securing the newly discovered material facts").  Moreover, the evidence he presents would not likely change the verdict.  *See* Ariz. R. Crim. P. 32.1(e) (permitting relief where the defendant shows "[n]ewly discovered material facts probably exist and such facts probably would have changed the verdict or sentence"); *State v. Mann*, 117 Ariz. 517, 520 (App. 1977) ("It is not enough that newly offered evidence merely bolsters, impeaches or contradicts the testimony given at trial; it must appear probable that admission of the new evidence would have changed the result of the trial.") (citing *State v. Morrow*, 111 Ariz. 268, 270 (1974)).  Espino-Torres presented evidence showing he was in federal custody for a narrow timeframe in May 1996.  And, Espino-Torres was acquitted for both counts alleging misconduct that occurred during that time.  The remainder of the charges, and all of the convictions, resulted from later incidents, occurring at times when there is no evidence to suggest Espino-Torres was in custody.

¶6            Espino-Torres' actual innocence claim likewise fails.  To obtain post-conviction relief on the grounds of actual innocence, the defendant must "demonstrate[] by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt."  Ariz. R. Crim. P. 32.1(h).  Actual innocence requires "factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).  "To be colorable, the claim must have the appearance

_____

ruled upon prior to our consideration of Espino-Torres' petition for review.  Because we find no abuse of discretion in the ruling, the motion is denied.

of validity, a determination that the trial court is in a better position to make than this [C]ourt." *State v. Boldrey*, 176 Ariz. 378, 380 (App. 1993) (citing *State v. Adamson*, 136 Ariz. 250, 265 (1983)). A defendant's self-serving affidavit alone is generally insufficient. *See State v. Wilson*, 179 Ariz. 17, 20 (App. 1993) (citing *State v. Coleman*, 152 Ariz. 583, 585 (App. 1987), and then *State v. Smith*, 169 Ariz. 243, 247 (App. 1991)). Applying this standard, we cannot say the trial court abused its discretion in concluding Espino-Torres' affidavits protesting his innocence, immigration documents establishing an alibi for the crimes for which he was acquitted, and disputes regarding the interpretation of the evidence establish the existence of a colorable claim for actual innocence of the crimes for which he was convicted.

¶7　　　　Finally, to the extent Espino-Torres adds additional claims for relief not previously addressed by the trial court, we do not consider them. A petition for review may not present issues not first presented to the trial court. *See State v. Bortz*, 169 Ariz. 575, 577 (App. 1991) (citing *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980)); Ariz. R. Crim. P. 32.9(c)(1)(ii) (requiring the petition for review identify "[t]he issues *which were decided by the trial court* and which the defendant wishes to present to the appellate court for review") (emphasis added); *see also State v. Smith*, 184 Ariz. 456, 459 (1996) (holding there is no right to appellate review for fundamental error in a post-conviction relief proceeding). Nor may a defendant amend his petition in the trial court to raise new issues absent leave of court upon a showing of good cause. Ariz. R. Crim. P. 32.6(d).

¶8　　　　Finding no abuse of discretion, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:　AA